UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MONUMENTAL LIFE INSURANCE COMPANY, an Iowa corporation<br><br>Plaintiff,<br><br>v.<br><br>ILLINOIS MUTUAL LIFE INSURANCE COMPANY, an Illinois company, JACK BUTTACAVOLI, an individual, STAN VALLE, an individual, GLADSTON DUSSARD, an individual, LESLIE HUGHEY, an individual, and CHARLENE McCOY, an individual,<br><br>Defendants. | Case No. 1:11-cv-08909 |

**DEFENDANT ILLINOIS MUTUAL INSURANCE COMPANY'S
MOTION TO ORDER COORDINATION OF DEPOSITIONS OF
ILLINOIS MUTUAL'S EMPLOYEES AND REPRESENTATIVES**

Defendant Illinois Mutual Life Insurance Company ("Illinois Mutual"), by its attorneys, and pursuant to Federal Rule of Civil Procedure 26(c), respectfully moves this Court to order the coordination of depositions of Illinois Mutual employees and representatives to be taken in this action with depositions to be taken in two other related cases Monumental Life Insurance Company ("Monumental") has brought against Illinois Mutual in Kentucky and New Jersey. In support of its Motion, Illinois Mutual states as follows:

1. This Court "must limit the frequency or extent of discovery otherwise allowed by [the Federal Rules of Civil Procedure] or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(c). Here, Illinois Mutual seeks this Court's protection from potentially duplicative and burdensome discovery

because, without this Court's intervention, Illinois Mutual's employees and representatives are likely to be deposed multiple times on the same issues because Monumental has three actions (including this action) pending against Illinois Mutual before three separate courts.

2. Monumental has brought two other actions that are substantially similar to this action against Illinois Mutual that are pending in the state courts in Kentucky and New Jersey. In addition to the case before this Court, which was the first of the three cases that Monumental filed (the "Illinois Action"), Monumental has also brought a second action in state court in Kentucky (the "Kentucky Action") on January 12, 2012 against certain former agents (*Monumental v. McCowan*, Docket No. 12 MR 526) and Monumental just recently, on May 2, 2013, filed a motion for leave to amend that Kentucky complaint to add Illinois Mutual as a defendant in that case. Monumental also filed an action in state court in New Jersey (the "New Jersey Action") on January 20, 2012 (*Monumental v. Maneri et al.*, Docket No. BER-L-3895-12) against Illinois Mutual and several former Monumental agents.

3. In all three cases, Monumental has alleged that Illinois Mutual tortiously interfered with Monumental's contracts with former Monumental agents by allowing these agents, who are now independent insurance agents, to sell Illinois Mutual policies despite post-employment restrictions that the agents allegedly had with Monumental.

4. In the case pending in New Jersey, the parties have agreed to the following schedule of depositions for Illinois Mutual employees and representatives:

| | |
|---|---|
| Craig Parr | June 17, 2013 |
| Jason Hendershott | June 18, 2013 |
| Patty Lowry | June 19, 2013 |
| Chris Conner | June 24, 2013 |

        Donna Willett        June 25, 2013

        Holly Henderson        June 26, 2013

        5.      To avoid undue prejudice to Illinois Mutual which would occur if its employees and representatives are subjected to duplicative depositions in the three cases, Illinois Mutual seeks to have its employees and representatives deposed one time across all three of the actions pending against it. Illinois Mutual respectfully requests that this Court order Monumental to coordinate the depositions between the Illinois Action and the New Jersey Action. Illinois Mutual will see similar relief from the court in the Kentucky Action if Monumental's counsel in Kentucky does not voluntarily agree to such coordination.

        6.      This action has been pending for more than 17 months. The discovery cut off in the action before this Court has been set for August 13, 2013, and thus holding depositions in the latter half of June (with a month's notice) is reasonable.

        7.      In the spirit of cooperation, Illinois Mutual has proposed that the parties in all three cases coordinate the depositions of Illinois Mutual employees and representatives. *See* Letter from Michael M. Conway dated May 15, 2013 ("Conway Letter"), attached here as <u>Exhibit A</u>; Letter from Anne B. Sekel dated May 15, 2013 ("Sekel Letter"), attached here as <u>Exhibit B</u>; and Letter from R. Kent Westberry dated May 16, 2013 ("Westberry Letter"), attached here as <u>Exhibit C</u>. As part of that proposal, and to facilitate coordination of the depositions, Illinois Mutual suggested that the depositions occur via video conference facilities *at Illinois Mutual's expense* so that counsel need not incur costs to travel to a central location to participate in the depositions. *See e.g.* Ex. A, Conway Letter, p. 1.

        8.      Counsel for Defendants Dussard, Hughey, McCoy, and Buttacavoli (the "Illinois Individual Defendants") has represented to counsel for Illinois Mutual that he does not object to

Illinois Mutual's proposal. On May 20, 2013, Tracy Farley, one of the counsel for Monumental, advised Illinois Mutual's counsel by telephone that Monumental objects to the request to coordinate the depositions of Illinois Mutual employees and representatives. Ms. Farley was told that Illinois Mutual then would file this motion with the Court.

WHEREFORE, Illinois Mutual Life Insurance Company respectfully moves for entry of an Order that directs Monumental to coordinate the depositions of Illinois Mutual's employees and representatives with the depositions scheduled by Monumental in the New Jersey Action so that Illinois Mutual's employees and representatives are only subjected to one deposition apiece across both cases.

Dated: May 20, 2013

Respectfully submitted,

/s/ Michael M. Conway
Michael M. Conway (# 0506788)
Rebecca R. Hanson (# 6289672)
**FOLEY & LARDNER LLP**
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Phone: 312.832.4500
Fax: 312.832.4700

*Attorneys for Defendant Illinois Mutual Life Insurance Company*

**EXHIBIT A**



**FOLEY & LARDNER LLP**

May 15, 2013

ATTORNEYS AT LAW
321 NORTH CLARK STREET, SUITE 2800
CHICAGO, IL 60654-5313
312.832.4500 TEL
312.832.4700 FAX
foley.com

WRITER'S DIRECT LINE
312.832.4351
mconway@foley.com EMAIL

CLIENT/MATTER NUMBER
102047-0101

<u>**Via E-Mail and U.S. Mail**</u>

Tracy Bradford Farley, Esq.
Jeffrey S. Piell, Esq.
Brian Harstein, Esq.
Quarles & Brady LLP
300 North LaSalle Street
Suite 4000
Chicago, IL 60654

   Re: *Monumental Life Insurance Company v. Illinois Mutual Life Insurance Company et al.*, Case No. 11-cv-08909

Dear Tracy:

  As you are well aware, Plaintiff Monumental Life Insurance Company has filed three separate lawsuits against our client, Illinois Mutual Life Insurance Company. The first suit was filed in U.S. District Court in the Northern District of Illinois on December 15, 2011 (*Monumental v. Buttacavoli, et al.*, Case No. 11-cv-08909). The second case was filed in state court in Kentucky on January 12, 2012 against certain former Monumental agents, (*Monumental v. McCowan*, Docket No. 12 MR 526), and Illinois Mutual is now involved in that case pursuant to a recently-filed motion for leave to amend to add Illinois Mutual as a defendant. The third case was filed in state court in New Jersey on January 20, 2012 (*Monumental v. Maneri et al.*, Docket No. BER-L-3895-12).

  Illinois Mutual seeks your cooperation in coordinating the depositions of Illinois Mutual employees and representatives in these three civil actions, each of which has a similar claim of tortious interference plead against Illinois Mutual. The burden is excessive and unjustified to have to produce the same witnesses for depositions three times simply because Monumental chose to bring these lawsuits in different forums. Indeed, since diversity jurisdiction existed, all of the actions could have been brought in federal district court and had this occurred, Illinois Mutual would have invoked the Multi-District Panel proceedings to ensure that discovery is consolidated. Monumental's effort to sue in state court should not be an impediment to the same sensible result.

  To facilitate this coordination, Illinois Mutual proposes to allow the depositions to occur via video conference facilities at Illinois Mutual's expense so that counsel need not incur costs to travel to a central location to participate in the depositions.

BOSTON   JACKSONVILLE   MILWAUKEE   SAN DIEGO   SILICON VALLEY
BRUSSELS   LOS ANGELES   NEW YORK   SAN DIEGO/DEL MAR   TALLAHASSEE
CHICAGO   MADISON   ORLANDO   SAN FRANCISCO   TAMPA
DETROIT   MIAMI   SACRAMENTO   SHANGHAI   TOKYO
        WASHINGTON, D.C.

4830-5845-4292.1



**FOLEY & LARDNER LLP**

Tracy Bradford Farley, Esq.
May 15, 2013
Page 2

  Currently, Illinois Mutual witnesses are scheduled to be deposed in the New Jersey litigation on the following dates:

> Craig Parr – 6/17
> Jason Hendershott – 6/18
> Patty Lowry – 6/19
> Chris Connor – 6/24
> Donna Willett – 6/25
> Holly Henderson – 6/26

  We ask that the counsel in Illinois and Kentucky also participate in these depositions for purposes of their respective cases. We are requesting your voluntary cooperation. Please advise us of your position by tomorrow.

  In the event that Monumental's counsel does not agree to this sensible suggestion, Illinois Mutual will ask the respective judges presiding in these cases to order that this discovery be coordinated.

Sincerely,

Michael M. Conway

MMCO
cc: Anthony J. Masciopinto, Esq.

4830-5845-4292.1

**EXHIBIT B**



**FOLEY & LARDNER LLP**

May 15, 2013

ATTORNEYS AT LAW
90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
foley.com

WRITER'S DIRECT LINE
212.338.3417
asekel@foley.com EMAIL

CLIENT/MATTER NUMBER
102047-0102

**VIA E-MAIL AND U.S. MAIL**

James S. Coons, Esq.
Ansa Assuncao, LLP
Two Tower Center Blvd., Suite 1600
East Brunswick, New Jersey 08816

    Re:   *Monumental Life Insurance Company v. Francesco Maneri et al.*,
           Case No. BER-L-3895-12

Dear James:

    As you are well aware, Plaintiff Monumental Life Insurance Company has filed three separate lawsuits against our client, Illinois Mutual Life Insurance Company. The first suit was filed in U.S. District Court in the Northern District of Illinois on December 15, 2011 (*Monumental v. Buttacavoli, et al.*, Case No. 11-cv-08909). The second case was filed in state court in Kentucky on January 12, 2012 against certain former Monumental agents, (*Monumental v. McCowan*, Docket No. 12 MR 526), and Illinois Mutual is now involved in that case pursuant to a recently-filed motion for leave to amend to add Illinois Mutual as a defendant. The third case was filed in state court in New Jersey on January 20, 2012 (*Monumental v. Maneri et al.*, Docket No. BER-L-3895-12).

    Illinois Mutual seeks your cooperation in coordinating the depositions of Illinois Mutual employees and representatives in these three civil actions, each of which has a similar claim of tortious interference plead against Illinois Mutual. The burden is excessive and unjustified to have to produce the same witnesses for depositions three times simply because Monumental chose to bring these lawsuits in different forums. Indeed, since diversity jurisdiction existed, all of the actions could have been brought in federal district court and had this occurred, Illinois Mutual would have invoked the Multi-District Panel proceedings to ensure that discovery is consolidated. Monumental's effort to sue in state court should not be an impediment to the same sensible result.

    To facilitate this coordination, Illinois Mutual proposes to allow the depositions to occur via video conference facilities at Illinois Mutual's expense so that counsel need not incur costs to travel to a central location to participate in the depositions.

    Currently, Illinois Mutual witnesses are scheduled to be deposed in the New Jersey litigation on the following dates:

BOSTON    JACKSONVILLE    MILWAUKEE    SAN DIEGO    SILICON VALLEY
BRUSSELS    LOS ANGELES    NEW YORK    SAN DIEGO/DEL MAR    TALLAHASSEE
CHICAGO    MADISON    ORLANDO    SAN FRANCISCO    TAMPA
DETROIT    MIAMI    SACRAMENTO    SHANGHAI    TOKYO
                                                                                                          WASHINGTON, D.C.

4813-1473-7940.1


FOLEY & LARDNER LLP

May 15, 2013
Page 2

        Craig Parr – 6/17
        Jason Hendershott – 6/18
        Patty Lowry – 6/19
        Chris Connor – 6/24
        Donna Willett – 6/25
        Holly Henderson – 6/26

  We ask that the counsel in Illinois and Kentucky also participate in these depositions for purposes of their respective cases. We are requesting your voluntary cooperation. Please advise us of your position by tomorrow.

  In the event that Monumental's counsel does not agree to this sensible suggestion, Illinois Mutual will ask the respective judges presiding in these cases to order that this discovery be coordinated.

           Sincerely,

           */s/ Anne B. Sekel*
           Anne B. Sekel


cc: Michael J. Andalaft, Esq. (*via* electronic mail only)

# EXHIBIT C



**LANDRUM &
SHOUSE LLP
LAW OFFICES**

106 West Vine Street
P.O. Box 951
Lexington, Kentucky 40588-0951
859/255-2424  Fax 859/233-0308
EMAIL: @landrumshouse.com

Suite 1900
220 West Main Street
Louisville, Kentucky 40202-1395
502/589-7616  Fax 502/589-2119

William C. Shouse
Pierce W. Hamblin
Mark L. Moseley
Leslie Patterson Vose
John R. Martin, Jr.
Larry C. Deener
Mark J. Hinkel
John G. McNeill
R. Kent Westberry
Douglas L. Hoots
Daniel E. Murner
Estill D. Banks II
Bradley C. Hooks
Jeffrey A. Taylor
Jennifer A. Peterson
Michael E. Hammond
Evan B. Jones
Elizabeth A. Deener
Bennett E. Bayer
Michael K. Nisbet
Erin C. Sammons
Elizabeth Winchell
Kyle W. Ray
Lacey Fiorella
Tim Davis
Hilary M. Jarvis
Carson W. Smith
Todd G. Allen
Ashley Smith Lant
Amber K. Knouff
David G. Noble

Counsel:
Bridget M. Bush

Charles Landrum, Jr.
(1917-1990)
Weldon Shouse
(1915-2004)

*Of Counsel*
Thomas M. Cooper
John H. Burrus

May 16, 2013

***Via Hand Delivery***
Mickey T. Webster
Wyatt Tarrant & Combs LLP
250 West Main Street
Suite 1600
Lexington, KY  40507

Re:   Monumental Life Insurance Co. v. Illinois Mutual Life Co.

Dear Mickey:

As you are well aware, Plaintiff Monumental Life Insurance Company has filed three separate lawsuits against our client, Illinois Mutual Life Insurance Company. The first suit was filed in U.S. District Court in the Northern District of Illinois on December 15, 2011 (*Monumental v. Buttacavoli, et al.*, Case No. 11-cv-08909). The second case was filed in state court in Kentucky on January 12, 2012 against certain former Monumental agents, (*Monumental v. McCowan*, Docket No. 12 MR 526), and Illinois Mutual is now involved in that case pursuant to a recently-filed motion for leave to amend to add Illinois Mutual as a defendant. The third case was filed in state court in New Jersey on January 20, 2012 (*Monumental v. Maneri et al.*, Docket No. BER-L-3895-12).

Illinois Mutual seeks your cooperation in coordinating the depositions of Illinois Mutual employees and representatives in these three civil actions, each of which has a similar claim of tortious interference plead against Illinois Mutual. The burden is excessive and unjustified to have to produce the same witnesses for depositions three times simply because Monumental chose to bring these lawsuits in different forums. Indeed, since diversity jurisdiction existed, all of the actions could have been brought in federal district court and had this occurred, Illinois Mutual would have invoked the Multi-District Panel proceedings to ensure that discovery is consolidated. Monumental's effort to sue in state court should not be an impediment to the same sensible result.

To facilitate this coordination, Illinois Mutual proposes to allow the depositions to occur via video conference facilities at Illinois Mutual's expense so that counsel need not incur costs to travel to a central location to participate in the depositions.



Mickey T. Webster
May 16, 2013
Page 2

      Currently, Illinois Mutual witnesses are scheduled to be deposed in the New Jersey litigation on the following dates:

| | |
|---|---|
| Craig Parr | June 17, 2013 |
| Jason Hendershott | June 18, 2013 |
| Patty Lowry | June 19, 2013 |
| Chris Connor | June 24, 2013 |
| Donna Willett | June 25, 2013 |
| Holly Henderson | June 26, 2013 |

      We ask that the counsel in Illinois and Kentucky also participate in these depositions for purposes of their respective cases. We are requesting your voluntary cooperation. Please advise us of your position by tomorrow.

      In the event that Monumental's counsel does not agree to this sensible suggestion, Illinois Mutual will ask the respective judges presiding in these cases to order that this discovery be coordinated.

Sincerely,

R. Kent Westberry
LANDRUM & SHOUSE LLP
Louisville Office
kwestberry@landrumshouse.com


cc:    Ephraim E. Helton (via email and First Class Mail)

## CERTIFICATE OF SERVICE

I, Michael M. Conway, an attorney, hereby certify that on May 20, 2013 I caused a true and correct copy of **DEFENDANT ILLINOIS MUTUAL INSURANCE COMPANY'S MOTION TO ORDER COORDINATION OF DEPOSITIONS OF ILLINOIS MUTUAL'S EMPLOYEES AND REPRESENTATIVES** to be served on the following attorneys of record by e-mail and U.S. mail, first class, postage prepaid at 321 North Clark Street, Chicago, IL 60654:

Tracy L. Bradford Farley
Jeffrey S. Piell
300 North LaSalle Street, Suite 4000
Chicago, IL 60654

*Attorneys for Plaintiff Monumental Life Insurance Company*

Anthony J. Masciopinto
Larry J. Lipka
Kulwin, Masciopinto & Kulwin, LLP
161 North Clark Street
Chicago, IL 60601

*Attorneys for Defendants Jack Buttacavoli, Charlene McCoy, Gladston Dussard, and Leslie Hughey*

Marcos Reilly, Esq.
Hinshaw & Culbertson
222 N. LaSalle Street, Suite 300
Chicago, IL 60601

*Attorney for Defendant Stan Valle*

/s/ Michael M. Conway